**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MOHIT MOHIT** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00039-O** |
| | § | |
| **PAMELA BONDI  et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Before the Court are Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), Defendant's Response and Appendix in Support (ECF Nos. 16, 17), and Petitioner's Reply (ECF No. 18).  Having reviewed the briefing and appliable law, the Petition is **DENIED**.

### I.    BACKGROUND[1]

Petitioner is a citizen and national of India who entered the U.S. without inspection or parole in 2019.  Petitioner filed an I-589 application for asylum and withholding of removal. Immigration and Border officers took Petitioner into custody in December of 2025 after he was arrested for incidents involving gambling and marijuana at his retail store.  An immigration judge ordered him removed on June 26, 2025.  Petitioner's appeal of that determination remains pending before the Board of Immigration Appeals.  He is still in custody.  He filed this Petition for Writ of Habeas Corpus on January 12, 2026.  The Petition is ripe for review.

---

[1] Unless otherwise specified, all facts are taken from Petitioner's Petition, ECF No. 1.

## II.    DISCUSSION

Petitioner argues that he is detained pursuant to 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225 because "he was released and lived in the United States for a significant period before being re-detained."[2]  But he admits that he "entered the U.S. . . . without inspection or parole,"[3] and the Notice to Appear clearly states that Petitioner "entered the United States at an unknown location," "did not then possess or present a … valid entry document," and thus is only "an applicant for admission."[4]  *Buenrostro-Mendez v. Bondi* holds that unadmitted aliens like Petitioner is an applicant for admission whose detention is governed by 8 U.S.C. § 1225.  166 F.4th 494, 507-08 (5th Cir. 2026).   His duration in the United States is legally irrelevant.

Petitioner next invokes *Zadvydas v. Davis*, 533 U.S. 678 (2001), in support of his claim that he is being held illegally even if §1225 governs.[5]  He is wrong.  *Zadvydas* applies when the government seeks to detain an immigrant pursuant to 8 U.S.C. §1231 and is inapplicable for other detention provisions. *Denmore v. Kim*, 538 U.S. 510, 528 (2003).  And section 1231 implements a 90-day removal period that begins when the removal order becomes administratively final. 8 U.S.C. §1231(a)(1)(B).  As Petitioner admits, his removal is not administratively final,[6] meaning *Zadvydas* does not apply.

His final argument that he is being held illegally "under the framework established in *Mathews v. Eldridge*"[7] (a framework he fails to state) is unpersuasive.  424 U.S. 319 (1976). That case considered whether due process requires an evidentiary hearing before termination of social

---

[2] Reply 3, ECF No. 18.
[3] Pet. 1, ECF No. 1.
[4] Def. App. 001, ECF No. 17.
[5] Reply 3, ECF No. 18.
[6] *Id.* (stating his order of removal is not final "because his appeal remains pending before the Board of Immigration appeals.")
[7] *Id.* at 5-6.

security benefits and is not relevant here.  Further, it is well-settled that "an alien's detention during removal proceedings is constitutionally permissible." *United States v. Gomez-Lira*, 75 F. App'x 979, 979 (5th Cir. 2003) (citing *Demore v. Kim*, 38 U.S. 510 (2003); *see also Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025).

Because Petitioner is detained under 8 U.S.C. § 1225 during ongoing removal proceedings, his detention is lawful, and he is not entitled to a bond hearing.  *Gomez-Lira*, 75 F. App'x at 979; *Buenrostro-Mendez*, 166 F.4th at 507-08.  The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

SO ORDERED on this **April 13, 2026**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**